Victor PACHECO, Plaintiff,

v.

INDUSTRIAL COMMISSION OF the STATE of Utah; Kaiser Steel Corporation and the Second Injury Fund of the State of Utah, Defendants.

No. 18896.

Supreme Court of Utah.

July 18, 1983.

---

4. U.C.A., 1953, § 73–1–10, *supra.*

Virginius Dabney, Salt Lake City, for plaintiff.

David L. Wilkinson, Gilbert A. Martinez, Janet L. Moffitt, Edwin C. Barnes, Salt Lake City, for defendants.

STEWART, Justice:

U.C.A., 1953, § 35–1–78 (Supp.1981), requires that workmen's compensation awards made by the Industrial Commission include 8% interest from the date that the benefit would have otherwise become due and payable. The issue in this case is whether that provision also applies to settlements of workmen's compensation claims between the employer and employee.

The plaintiff, Victor Pacheco (claimant), is employed by the defendant, Kaiser Steel Corporation. Claimant was injured on the job on February 9, 1979, and concedes that he received temporary total disability payments from Kaiser Steel for three and a half months following his injury.

On May 7, 1982, the claimant filed a claim with the Industrial Commission for permanent partial disability payments. In response, Kaiser Steel filed a motion to dismiss, alleging that the claimant had failed to supply Kaiser Steel with a medical rating indicating the percentage of permanent partial disability. Claimant subsequently supplied a rating from Dr. Frank Dituri, who estimated that plaintiff had a 10% permanent partial disability.

Kaiser Steel accepted Dr. Dituri's rating and on about September 13, 1982 executed a "Compensation Agreement" with the claimant. The agreement, which was apparently a form document prepared by Kaiser Steel and filled in by the parties, obligated Kaiser Steel to pay a lump sum of $4,087.20 to claimant as compensation for his 10% permanent partial disability. Fifteen percent of the sum, or $613.08, was to be paid directly to the claimant's attorney. The Industrial Commission approved the compensation agreement on September 23, 1982, and thereafter Kaiser Steel duly issued the appropriate checks to claimant and his attorney.

A few days before the agreement was sent to the Industrial Commission for its approval, claimant's attorney sent a letter to the Commission requesting that, pursuant to § 35–1–78, it add interest of 8% to the award. Legal counsel for the Commission, with whom the parties had been dealing, refused to include the interest. The claimant appealed to the Industrial Commission, which denied review on the ground that "the issue of interest is one which should be settled between the parties at the time any compensation agreement is negotiated."

The portion of § 35–1–78 upon which claimant relies states:

> Awards made by the industrial commission shall include interest at the rate of 8% per annum from the date when each benefit payment would have otherwise become due and payable.

The term "award" is defined by § 35–1–44(7) to mean "the finding or decision of the commission as to the amount of compensation due any injured, or the dependents of any deceased, employee." In the context of the workmen's compensation statutory scheme, an award is the final step of an evidentiary and appeals process which includes a possible written report by a medical panel, distribution of the report to the parties, a possible hearing before the Commission, and findings and a decision by the Commission. See U.C.A., 1953, § 35–1–77 (1983 Interim Supp.).

In the present case, the parties reached a settlement before the Commission made any findings or decision as to the liability of Kaiser Steel or the amount due in claimant's case. The Commission's statement that the issue of interest should be "settled between the parties at the time any compensation agreement is negotiated" is, in effect, a determination that, as a matter

of law, the interest provision of § 35–1–78 does not apply to settlements unless the parties provide for interest payments in the settlement.

We agree. Claimant cites no authority, and we have been unable to find any ourselves, that an interest provision such as § 35–1–78 should automatically apply to settlements in workmen's compensation cases. Unlike an award, a settlement involves no factual determination by the Commission of liability or the amount of damages. In view of this distinction, we cannot presume that the Legislature intended the interest provision to apply to settlements. We think that if this were the Legislature's intent, it would have expressly included settlements in the section.

This case does not present the question, and therefore we do not decide, whether the Commission may as a matter of discretion include interest in a settlement on grounds of equity and fairness.[1] We hold only that § 35–1–78 does not require that interest be included by the Commission in all settlements.

Affirmed.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.

---

1. It is conceivable that an employer might deliberately delay settlement of a claim and that in such a situation inclusion of interest might be justified. In the present case, however, Kaiser Steel's request for a permanent partial disability rating was reasonable, and it settled with claimant promptly when the rating was received.